UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MELVIN BRADLEY BOUTTE** : | CIVIL ACTION NO. 2:16-cv-1377 |
| B.O.P. # 13611-035 | SECTION P |
| **VERSUS** : | JUDGE MINALDI |
| **KEITH COOLEY, ET AL** : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is the civil rights action filed *in forma pauperis* by *pro se* plaintiff Melvin Bradley Boutte ("Boutte").[1] Boutte is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at FCI-Forrest City Low in Forrest City, Arkansas. However, he complains of events that occurred while he was incarcerated at FCI-Oakdale ("FCIO") in Oakdale, Louisiana. As defendants, he names FCIO Warden Becky Clay; FCIO Lieutenants Morgan and DeVille; FCIO officers M. Bergeron, R. Smith, Teddy Desholel, and K. Clostner; Nurse Perkins; and Counselor Odom.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S.Ct. 1999 (1971), which authorizes civil rights suits against federal agents or employees for a violation of a constitutional right comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

# I.
## BACKGROUND

Boutte states that on November 11, 2014, he was cleaning up in the inner east serving line in food services when one of his coworkers retrieved scalding water from the back cooking area in order to clean the floor. Doc. 1, att. 2, p. 3. Boutte claims that the coworker dumped the hot water under the serving line, which went into his boot and caused burns to his leg and foot. *Id.* Boutte states that he was "hollering and rushing to take [his] boot and sock off." *Id.* He claims that a co-worker brought a bucket of cold water for him to put his foot in and then the coworker told FCIO officer Bergeron about Boutte's injury. *Id.* Bergeron looked at Boutte's foot and called medical to inform them that Boutte was on his way there. *Id.* at 3–4. Boutte states that he walked to the nurse's station where he was treated by Nurse Perkins. *Id.* at 4. He claims that his foot looked worse the next day and that Dr. Galante diagnosed him with second degree burns and prescribed pain medication. *Id.*

At the time of the incident, Boutte alleges that defendant Bergeron was in charge of the serving line and defendant Smith was in charge of the back cooking area. *Id.* at 3. Boutte contends that Bergeron and Lt. Morgan were talking when the accident occurred and that his injuries resulted from the lack of supervision in the kitchen serving area. *Id.* at 2–4. In his administrative remedy filings he alleged that Smith, Bergeron, and Morgan were inattentive to their jobs, failed to observe safety precautions, and failed to file an incident report and/or report the incident to the safety department. *Id.* at 26–28, 59–61, 63–64, 70–73. Boutte contends that had Smith, Bergeron, and Morgan been paying attention to their jobs, they would have stopped the other inmate from retrieving the hot water and throwing it on the floor as such actions are in violation of safety protocol. *Id.* Boutte's claims about the alleged failure to file a report appear to be that had a report been filed, the safety department would have taken pictures of his injuries. *E.g.*, *id.* at 28. Boutte

further states that Morgan is an operations lieutenant and that it was Morgan's job to make sure that Bergeron and Smith supervised the inmate workers to ensure that the inmates followed all safety protocols. *Id.* at 64. As to Nurse Perkins, Boutte contends that she, too, failed to file an incident report and/or report the incident to the safety department, resulting in the safety department failing to take photographs of his injuries. *Id.* at 46.

As relief for the above, Boutte seeks $740,000.00 for unspecified damages. Doc. 1, p. 4.

## II.
### APPLICABLE LAW

### A. *Frivolity Review*

Boutte has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged

that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading containing a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, *3 (E.D. La. Nov. 8, 2011) (citations omitted). Thus Boutte should amend his complaint to provide:

(1) a description of what **each named defendant** did to violate his rights;[2]

(2) the place and date that each event occurred;

(3) a description of the alleged injury sustained as a result of the alleged violation. This description should provide sufficient detail to enable the court to determine the seriousness of the injury, if any, he alleges he sustained;

(4) for what damages does he seek the requested award of monetary damages (i.e. Boutte should explain to the court, in his own words, the basis for which he seeks the damages); and

(5) the date that he was transferred from FCIO.

---

[2] Boutte has not stated allegations against Lt. DeVille, Officer Bennett, Counselor Odom, Teddy Desholel, or K. Clostner.

Additionally, Boutte should describe all claims he wishes to raise in this proceeding rather than simply attaching copies of prior proceedings and leaving this court to sort through them in an attempt to discern which claims he wishes to renew.

### D. Theories of the Complaint

Boutte's complaint must provide the factual elements listed above as well as reflect the legal considerations applicable to each theory of recovery.

#### 1. Limitations

The statute of limitations in a *Bivens* action is governed by state law. *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). In this case, Boutte's claims are delictual in nature and therefore subject to a one year period of liberative prescription under Article 3492 of the Louisiana Civil Code. *Gray v. Negi*, 2012 WL 1014983, *3 (W.D. La. Mar. 23, 2012) (citing *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995)). As with § 1983 claims, the date of accrual for a *Bivens* claim begins when the plaintiff knows or has sufficient information to know that he has been injured. *Id.* (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)). Therefore it appears that the prescriptive period began run against Boutte's claims when he was injured on November 11, 2014, making his complaint filed on September 30, 2016, potentially untimely. However, the Fifth Circuit also notes that the time in which a prisoner exhausts administrative remedies is not counted toward the prescriptive period. *Daley v. Miceli*, 2013 WL 5516467, *3 (W.D. La. Oct. 2, 2013) (citing *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999)). Accordingly, Boutte should state all the dates his various claims accrued and the dates his administrative remedies were pending in order to show that his claims have not prescribed.

## 2. *Failure to Supervise*

Boutte asserts that Lieutenant Morgan, as an operations lieutenant, failed to make sure that Bergeron and Smith supervised the inmate workers to ensure that the inmates followed all safety protocols. To state a claim based on inadequate training or supervision, the plaintiff must plead sufficient facts to show (1) that the supervisor failed to train or supervise the subordinate official, (2) a causal link between the failure to train or supervise a subordinate and the violation of a constitutional right and (3) that the failure to train or supervise amounts to deliberate indifference. *Cook v. City of Dallas*, 2015 WL 7352121, *5 (N.D. Tex. Aug. 23, 2015) (citing *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008)). Deliberate indifference is "a stringent standard of fault," distinguishable from both negligence and gross negligence. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citation omitted); *Conner v. Travis Cty.*, 209 F.3d 794, 796 (5th Cir. 2000).

Boutte should amend his complaint to state a claim upon which relief may be granted as indicated above or dismiss the claims.

## 3. *Negligence*

Boutte states that defendants Smith, Bergeron, and Morgan were inattentive to their jobs and they been paying attention, they would have stopped the other inmate from retrieving the hot water and throwing it on the floor. At best, his allegations set forth a claim for negligence against these individuals. Claims to recover damages for personal injuries resulting from the alleged negligence of defendants are not cognizable under § 1983 or *Bivens*. *Wooley v. Patterson*, 2015 WL 5055391, *3 (W.D. La. 2015) (citing *Bowie v. Procunier*, 808 F.2d 1142 (5th Cir. 1987)). Boutte should amend these claims to show how they rise to a constitutional level or dismiss them from the instant action.

### 4. Supervisory Liability

Boutte has not stated a sustainable claim against Warden Clay. It is clear that this party is named in her supervisory capacity. Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Boutte has named Warden Clay as a defendant but has not alleged personal involvement on her part or that she implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Accordingly, Boutte should amend his complaint to demonstrate liability on the part of this defendant or dismiss his claims against her.

### 5. Failure to Report

Boutte alleges that defendants Smith, Bergeron, Morgan, and Perkins failed to file an incident report and/or report the incident to the safety department. Boutte has not alleged that these defendants had any affirmative duty to report the incident or that he has any constitutional right that was violated by the alleged failure to report. Thus, Boutte's allegations in this regard fail to state a claim and he should amend his complaint in keeping with the above or dismiss his claims.

### 6. Failure to Follow Policy

To the extent that Boutte contends that defendants Smith, Bergeron, and Morgan's actions violated safety protocol and/or precautions, he is advised that an alleged failure to follow prison rules and regulations does not, in and of itself, give rise to a constitutional violation. *Taylor v. Howards*, 268 F.3d 1063 (5th Cir. 2001) (citing *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996)).

Boutte should amend his complaint to demonstrate liability on the part of the defendants or dismiss this claim.

### III.
#### CONCLUSION

Boutte's *pro se* complaint is deficient in a number of respects as discussed above. Before this court determines the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies of his complaint or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that Boutte amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S.Ct. 1386 (1962).

Boutte is further required to notify the court of any change in his address under LR 41.3.

THUS DONE AND SIGNED in Chambers this 6th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE