**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MELVIN BRADLEY BOUTTE** | : | **CIVIL ACTION NO. 2:16-cv-1377** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **BECKY CLAY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court are a Motion for Judgment on the Pleadings and a Motion for Summary Judgment [doc. 35] filed by defendants under Federal Rules of Civil Procedure 12(c) and 56, respectively, and relating to the pro se civil rights suit [docs. 1, 17] by Melvin Bradley Boutte ("Boutte"). Boutte was a prisoner in the custody of the Bureau of Prisons ("BOP") and was incarcerated at the Federal Correctional Institution at Forrest City, Arkansas, when he filed this complaint, which relates to events that occurred when he was incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). Boutte has since been released from BOP custody. *See* doc. 18.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the Motion for Judgment on the Pleadings [doc. 35] be **GRANTED** and that the Motion for Judgment on the Pleadings [*id.*] be **DENIED AS MOOT**.

# I.
## BACKGROUND

This suit arises from a foot injury that Boutte incurred on November 11, 2014, while working in the kitchen at FCIO. Doc. 17, p. 1. Specifically, he alleges that he was scalded with hot water which another inmate had poured to clean the floor and that he received inadequate medical attention from FCIO staff, who failed to make an injury report, provide him with a wheel chair, or prescribe pain medication until over two weeks after he was first injured. *Id.* at 1–2; doc. 1, att. 2, p. 3. On November 28, 2014, he asserts, a nurse who was changing his dressings noticed that the wound had become infected and proceeded to remove the infected tissue without first numbing the area or giving Boutte pain medication. Doc. 17, p. 2. Boutte maintains that his medical care was delayed by officers' failure to create an injury report, and that the care he did receive was inadequate because he was made to walk on his injured foot and did not receive proper wound care from a burn specialist. Doc. 17, pp. 2–3. He brings suit against former FCIO warden Becky Clay and FCIO officers Melisa Morgan, Marc Bergeron, Richard Smith, and Elizabeth Perkins, alleging that they were personally involved in the decision not to file an injury report and his denial of care.

Defendants now bring these motions, seeking dismissal of Boutte's suit. They contend that his allegations and the records attached to his complaint do not rise to a denial of care under the Eighth Amendment, and that other records from Boutte's incarceration also show that he received proper care for his injury. Doc. 35, att. 2. Boutte has filed no opposition to defendants' motions and his time for doing so has passed. Accordingly, the matter is now ripe for decision.

## II.
### LEGAL STANDARDS

#### A. *Motion for Judgment on the Pleadings*

A motion for judgment on the pleadings permits a party to raise the defense of failure to state a claim upon which relief may be granted after the pleadings have closed. FED. R. CIV. P. 12(c). These motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

Such motions are thus decided under the standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Accordingly, the court looks only to the pleadings and their proper attachments. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). The court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The motion should only be granted if "the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.* However, to survive such a motion the plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).

#### B. *Motion for Summary Judgment*

If the court considers evidence outside of the pleadings in deciding a 12(b)(6) or 12(c) motion, it must convert the matter to a motion for summary judgment. *Wright v. La. Corrugated*

*Prods., LLC*, 59 F.Supp.3d 767, 773 (W.D. La. 2014) (citing FED. R. CIV. P. 12(d)). A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
#### APPLICATION

Boutte's claims arise under *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971) and its progeny, which provide an implied cause of action for those injured by certain constitutional violations committed by federal employees acting in their official capacities. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854–55 (2017). Although Boutte alleges violations of the Fourth, Eighth, and Tenth Amendments, his claims are based on violations of the constitutional prohibition against cruel and unusual punishment through inadequate medical care. Accordingly, they arise exclusively under the Eighth Amendment. *See Easter v. Powell*, 467 F.3d 459, 462–63 (5th Cir. 2006); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990).

The prohibition on cruel and unusual punishment requires prison officials to "ensure that inmates receive adequate medical care" and to avoid the "unnecessary and wanton infliction of pain." *Easter*, 467 F.3d at 463 (cleaned up). Deliberate indifference to a prisoner's serious medical needs by prison officials violates the Eighth Amendment and therefore gives rise to a claim under *Bivens*. *Estelle v. Gamble*, 97 S.Ct. 285, 291–92 (1976). Under this theory, a prison official is not liable unless he both knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 114 S.Ct. 1970, 1977–79 (1994). Deliberate indifference is "is an extremely high standard to meet" and "encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (internal quotations omitted). Thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton*, 122 F.3d at 291. To show deliberate indifference, a prisoner must demonstrate that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d

339, 346 (5th Cir. 2006) (internal quotations omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.*

As defendants point out, Boutte's own attachments to the complaint reveal that his injury was first evaluated at Health Services on November 11, 2014, the date of the incident. Doc. 1, att. 2, pp. 20–21. There defendant Perkins assessed the injury and diagnosed Boutte with a minor thermal burn. *Id.* She treated the burn with Silvadene (silver sulfadiazine) ointment and gauze dressing. *Id.* She also entered new medication orders for ibuprofen and Silvadene ointment, and instructed Boutte to follow up in twelve to twenty-four hours. *Id.*

Boutte's selected records do not reflect any follow-up until November 25, 2014, when he was seen by physician assistant Gaeton Galante. *See id.* at 18–19. Galante recorded that Boutte had a second degree burn to his left foot, had received dressing changes, and was reporting pain and swelling in the affected foot. *Id.* Gaeton noted that a large blister was beginning to slough off of the burn and that the area had been debrided. *Id.* He further evaluated the burn and recorded that the area "looks good," with a strong distal pulse detected by doppler and good, "pink and viable" tissue observed. *Id.* He issued new medication orders for acetaminophen with codeine, three times a day for the next ten days, to treat Boutte's pain, and advised Boutte to continue with dressing changes and keep his leg elevated as much as possible. *Id.*

Boutte's records next show that he presented at Health Services for a dressing change on December 1, arriving in a wheelchair and reporting increased pain. *Id.* at 16–17. Perkins noted, however, that Boutte had been walking to the pill line with no problem over the last several days. *Id.* She cleansed the wound, instructing Boutte that he needed to put weight on the foot and maintain a range of motion while ambulating with crutches. *Id.* She also advised him to follow up

for another dressing change the next day. *Id.* Boutte followed up as prescribed and Galante changed the dressing. *Id.* at 15. Galante also recorded that Boutte was "healing very well" and should stop using a wheelchair and start walking in order to preserve range of motion in the foot. *Id.*

Boutte's records also show that he requested and was approved for a podiatry consult on April 1, 2015. *Id.* at 24. Boutte returned to Health Services visit on May 25, 2015, where he complained that he was experiencing occasional sharp pain in his foot which he could relieve by rubbing the affected area. *Id.* at 14. He was also approved for an outside radiology consult on July 22, 2015. *Id.* at 25. Boutte's records do not show whether these consults occurred, but they do reflect that an X-ray was taken on June 19, 2015, with negative findings. *Id.* at 23.

Boutte's claim relates to the alleged delay in treatment during the weeks following his injury and to the BOP's failure to approve a specialist consult. His own records show that the injury was repeatedly treated and evaluated from the date the burn was sustained onward, that his pain complaints were also addressed, and that Boutte was repeatedly advised that he did not require a wheelchair and that use of one could interfere with healing. Though the records do not reflect that the approved consults were received, they also fail to show that any such consult was warranted and Boutte does not allege that he has suffered any lasting impact from the injury. The fact that debridement, cleaning, and dressing changes, all routine wound care procedures, were apparently conducted without anesthetic also fails to show deliberate indifference on the part of any defendant. Furthermore, Boutte alleges that he was transferred from FCIO on February 2015.[1] Doc. 17, pp. 2–3. Accordingly, any complaints relating to long-term care cannot be maintained against FCIO staff.

---

[1] Boutte's own records show that the above encounters and approvals from April through July 2015 took place at FCIO. Doc. 1, att. 2, pp. 14, 23–25. He does not explain the discrepancy, but he also fails to complain of any of his later medical care.

Boutte's records belie his claims of deliberately indifferent medical care, and in fact show that his burn was adequately treated during his time at FCIO. The Motion for Judgment on the Pleadings should therefore be granted, rendering the Motion for Summary Judgment moot.

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Judgment on the Pleadings [doc. 35] be **GRANTED** and that the Motion for Summary Judgment [*id.*] be **DENIED AS MOOT**. As a result, all claims raised in this action should be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 27th day of December, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE